PEARSON, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  4:14CR0110 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LATASHA CURTIS, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 46 and 49] |

Pending is Defendant's Motion for a Judgment of Acquittal (ECF Nos. 46 and 49).  Also

pending is Defendant's Motion for New Trial (ECF No. 49).  The Court has been advised, having

reviewed the record, the parties' briefs (including Defendant's Addendum (ECF No. 60)) and the

applicable law.  For the reasons provided below, the motions are denied.

### I.  Factual and Procedural Background

At approximately 5:00 a.m. on September 13, 2004, firefighters responded to a call that a

house at 420 E. Dewey Ave. in Youngstown, Ohio was on fire.  Eight years later, around 3:00

a.m. on October 19, 2012, a house located at 75 Hilton Ave. in Youngstown, Ohio was destroyed

by fire.  The properties were insured under separate State Farm policies.

On July 25, 2014, the Government filed both a Notice of Intent to Introduce

Coconspirator's Other Acts (ECF No. 22) and its *Ex Parte* Trial Brief (ECF No. 21).  These

documents provided formal notice to Defendant and the Court, respectively, that the Government

(4:14CR0110)

would seek to introduce Rule 404(b) evidence as to Defendant's unindicted coconspirator related

to insurance claims made after the fire in 2004 at 420 E. Dewey Ave.

> This evidence will demonstrate that [Defendant's] coconspirator Latonya Clark
> (then Latonya "Tonya" Square) played a similar role in handling State Farm
> insurance claims in a fire remarkably similar to the one underlying the current
> charges.  Accordingly, the government will seek to admit this information as
> 404(b) evidence relevant to intent, plan, and absence of accident as to the 75
> Hilton Ave. fire.

ECF No. 21 at PageID #: 163.  After hearing oral argument prior to opening statements (ECF No.

41 at PageID #: 304-13), the Court granted the Government's Rule 404(b) motion (ECF No. 41

at PageID #: 330-32).[1]  In admitting evidence of the 420 E. Dewey Ave. fire and insurance claims

under Rule 404(b), the Court made detailed findings on the record as to each element required

under the rule:  (1) that there was sufficient evidence to determine that the fire occurred, (2) that

the evidence was admissible for a proper purpose, and not as impermissible character evidence,

and (3) that the probative value of the evidence was not substantially outweighed by its potential

to cause unfair prejudice.  *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012); *United States*

*v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

---

[1]  The parties jointly requested a limiting instruction as to this evidence, which the
Court gave to the jury.  ECF No. 42 at PageID #: 379.  It is well-established that limiting
instructions are effective at managing potential prejudice posed by 404(b) evidence when
they are targeted to the specific purposes for which the evidence is admitted, as they were
here.  *United States v. Stout*, 509 F.3d 796, 807 (6th Cir. 2007) (McKeague, J. dissenting)
(noting that "a properly crafted limiting instruction . . . would militate against any danger
of unfair prejudice").

2

(4:14CR0110)

Following a four day trial that included approximately two and a half days of testimony, a jury convicted Defendant of conspiracy to commit wire fraud, aiding and abetting wire fraud, and use of fire to commit a felony in violation of 18 U.S.C. § 371 (Count 1 of the Indictment); use of fire to commit a felony or aiding and abetting use of fire to commit a felony, *i.e.* wire fraud, or aiding and abetting wire fraud in violation of 18 U.S.C. §§ 844(h)(1) or 2 (Count 2); and committing arson or aiding and abetting arson in violation of 18 U.S.C. §§ 844(i) or 2 (Count 3) for the scheme to collect insurance funds for the fire that destroyed her rental home at 75 Hilton Ave.  *See* Jury Verdict Forms (ECF No. 37).

### A.  Trial Evidence

The Government presented the testimony of Lt. Brian Hoffman (ECF No. 43 at PageID #: 419-32) and Capt. Terry Stephens (ECF No. 43 at PageID #: 432-55), members of the Youngstown Fire Department, and Robert Gartner of Dolence Electric Technical Consultants (ECF No. 44 at PageID #: 567-610), an expert investigator used by State Farm Insurance, in its case-in-chief.

The Government also presented the testimony of Jermor Richard.  ECF No. 45 at PageID #: 668-756.  Richard testified that he spoke to Special Agent Aaron Hayes of the Federal Bureau of Investigation ("FBI") on December 19, 2012, and that he knew, at that time, Defendant had direct knowledge of the arson, enough so that he was willing to record her two days later.  ECF No. 45 at PageID #: 692-94.  He also testified about an audio recording (Government's Exhibits 9-A, 9-C, and 9-D) that he taped of Defendant talking to him about the 75 Hilton Ave. fire

3

(4:14CR0110)

wherein Defendant stated that she believed that the Wells family, including Latonya Clark, had

been involved in six prior schemes involving arson and wire fraud. ECF No. 45 at PageID #:

697-99.

| | | |
|---|---|---|
| CURTIS: | You just go get the insurance, but the house gotta be in your name. | |
| RICHARD: | The house gonna be in my name? It can't be in your name? | |
| CURTIS: | It can't be in my name, I just had a fire. | |
| RICHARD: | I don't know how they did it for real, for real. | |
| CURTIS: | That's how you do it. You get a house, you put insurance on it. We wouldn't be able to do it within . . . we would have to wait at least eight to nine months. | |

* * *

CURTIS:     Second time she did it in her name. Before it was done in one of
her kids names. They family, this, this would be the sixth fire
within their family.

ECF No. 51 at PageID #: 817 n. 3 and 4. Furthermore, Mr. Richard testified that he drove

Defendant to Walmart the evening of the arson, where she purchased "flammable stuff." ECF

No. 45 at PageID #: 681.

Melissa Bonyak from State Farm Insurance was the only witness to testify about the 420

E. Dewey fire and insurance claims process. ECF No. 45 at PageID #: 643-68.

Finally, Defendant testified in her own defense.

**B. Pending Motions**

Defendant has filed motions for judgment of acquittal and for new trial. The motions

challenge the sufficiency of the evidence presented by the Government and the Court's ruling

granting the Government's Rule 404(b) motion regarding the fire in 2004 involving an

4

(4:14CR0110)

unindicted coconspirator, Latonya Clark.  The Government filed a response to both motions.  The motions are ripe for adjudication.

## II.  Legal Standard

### A.  Motion for Judgment of Acquittal

After the verdict was delivered, Defendant filed a Fed. R. Crim. P. 29(c) motion, renewing her previous motion for judgment of acquittal made after the close of all the evidence. The United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), established the standard for challenges based on the claimed insufficiency of the evidence, holding:  "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319 (emphasis in original); *see United States v. Smith*, 749 F.3d 465, 476 (6th Cir. 2014); *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011); *United States v. Warshak*, 631 F.3d 266, 308 (6th Cir. 2010) (*en banc*).  This is a "very heavy burden" for defendants who have been convicted to meet.  *United States v. Jones*, 641 F.3d 706, 710 (6th Cir. 2011).

Under this standard of review, the district court "'do[es] not weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury.'"  *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) (quoting *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994)).  Rather, the court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict."  *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.

(4:14CR0110)

2001); *see United States v. Overmyer*, 867 F.2d 937, 939 (6th Cir. 1989) (("the court assumes the truth of the evidence offered by the prosecution") (quoting *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985)).  "Reversal of a conviction is warranted only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence."  *Smith*, 749 F.3d at 477 (internal quotations omitted).  "Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt."  *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004) (internal quotations omitted).

### B.  Motion for New Trial

Fed. R. Crim. P. 33(a) provides, in relevant part:  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the [jury's] verdict was against the manifest weight of the evidence."  *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotations omitted; alteration in original).  Unlike when the district court is called upon to decide a motion for judgment of acquittal, the district court, when considering the weight of the evidence for purposes of adjudicating a motion for new trial, "may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence."  *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007).

"Motions for a new trial are not favored and are granted only with great caution."  *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976).  Such motions "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict."

6

(4:14CR0110)

*Hughes*, 505 F.3d at 593 (internal quotations omitted).  A convicted defendant "bears the burden of proving that a new trial should be granted."  *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

Finally, Rule 33's "interest of justice" standard also "allows the grant of a new trial where substantial legal error has occurred."  *Munoz*, 605 F.3d at 373; *see United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (("any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial") (quoting 3 Charles Alan Wright, Federal Practice & Procedure § 556 (3d ed. 2004)); *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989) (new trial may be warranted when "the substantial rights of the defendant have been jeopardized by errors or omissions during trial").  The decision of whether a new trial should be granted rests within the district court's sound discretion.  *United States v. Wheaton*, 426 F. Supp.2d 666, 669 (N.D. Ohio 2006) (citing *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967)).

### III.  Discussion

**A.  Sufficiency of the Evidence**

Defendant argues that her conviction is not supported by sufficient evidence, and that she is entitled to a judgment of acquittal on the charges for two reasons.  According to Defendant, the Government did not present sufficient evidence (1) to show that the fire at 75 Hilton Ave. was arson and (2) to tie Defendant to the charged offenses.

The Government argues that Defendant waived her objection to the sufficiency of the evidence at trial because Defendant did not move for acquittal after the Government closed its

7

(4:14CR0110)

evidence.  ECF No. 51 at PageID #: 804.  A Rule 29 motion is properly preserved for appeal

when a defendant makes a "motion for acquittal at the end of the prosecution's case-in-chief and

at the close of evidence."  *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (quoting

*United States v. Chance*, 306 F.3d 356, 368-69 (6th Cir. 2002).  While Defendant correctly

moved for acquittal pursuant to Rule 29 at the close of evidence, she failed to make a motion at

the close of the Government's evidence.  "Failure to make the required motions constitutes a

waiver of the objections to the sufficiency of the evidence."  *Id.*  Where there has been a waiver,

the Court is limited in reviewing Defendant's sufficiency of the evidence challenge under a

"manifest miscarriage of justice" standard.  *United States v. Carnes*, 309 F.3d 950, 956 (6th Cir.

2002).  Under this standard, a conviction may only be reversed "if the record is devoid of

evidence pointing to guilt."  *Id.*; *see United States v. Hudgins*, 557 Fed.Appx. 507, 509 (6th Cir.

2014).  Next, the Government argues there was overwhelming evidence to support Defendant's

conviction.

> **1.** **The Government presented sufficient evidence that the fire at 75 Hilton Ave. was arson.**

Defendant argues the evidence presented through the testimony of Lt. Hoffman and Capt.

Stephens, members of the Youngstown Fire Department, and Mr. Gartner of Dolence Electric

Technical Consultants, an expert investigator used by State Farm Insurance, showed that no

arson occurred at 75 Hilton Ave.  Defendant cites *United States v. Yoakam*, 116 F.3d 1346 (10th

Cir. 1997).  In *Yoakam*, the Tenth Circuit Court of Appeals held that the evidence was

insufficient to support Defendant's arson conviction, stating "[w]hile there was sufficient

8

(4:14CR0110)

evidence that the fire was caused by arson, the evidence presented by the government was insufficient to support a conclusion that Mr. Yoakam was the person who committed that arson." *Id.* at 1349.

Despite Plaintiff's protestations, this case is unlike *Yoakam*.  Indeed, the Youngstown Fire Department and the cause and origin investigator engaged by State Farm Insurance made initial conclusions that did not include arson.  It is undisputed, however, that those initial conclusions were made in reliance upon reports from Defendant and the insured, Lynnise Wells (an unindicted coconspirator) that the fire at 75 Hilton Ave. was unintentional and caused by untended cooking.  While not fixing on arson, even then, the fire department officials did, however, note "'red flags'. . . including an open front door, a pile of clothes next to the stove substantial enough that it was thought to conceal a body, extensive clutter in the kitchen, and charcoal next to the stove."  ECF No. 51 at PageID #: 806.  The Dolence Electric fire investigation report (Government's Exhibit 4) and the testimony of Mr. Gartner clearly stated that his initial conclusion was based on evidence available at the time of the investigation and that it was not unusual for an opinion as to cause and origin to change based on information later received.  *See, e.g.*, ECF No. 44 at PageID #: 599.  This evidence laid the foundation for that presented at trial.

The jurors heard the hesitant testimony of Jermor Richard who recounted what a reasonable jury could certainly have considered to be a recorded confession made by Defendant and implicating her unindicted coconspirators.  Mr. Richard's testimony and the recording, in

9

(4:14CR0110)

addition to the fact that a fire had in fact occurred in the way described by Defendant in the recording, were sufficient to establish arson.

> ### 2. The Government presented sufficient evidence to tie Defendant to the charged offenses.

Defendant argues that the only evidence presented by the Government that tends to prove the charges brought against her was an audio recording (Government's Exhibits 9-A, 9-C, and 9-D) of Defendant talking about the fire to Jermor Richard, a confidential informant used by the Government.  According to Defendant, no other evidence the Government presented corroborated the evidence from the recording.  Without the corroboration of the recording, the Government cannot prove (1) the malicious intent needed to prove wire fraud under 18 U.S.C. § 1343, (2) the malicious intent element of 18 U.S.C. § 844(i), and (3) conspiracy.

This is not so.  Rather, there is ample evidence in the record that is consistent with Defendant's description of how the arson was committed.  The audio recording was corroborated by physical evidence found at 75 Hilton Ave., as well as Defendant's statements to Mr. Richard and Special Agent Hayes and FBI analysis of cellular telephone records, which placed phones belonging to the coconspirators in the vicinity of 75 Hilton Ave. before and near the time of the arson.  Of particular interest was that which was not found at the scene—evidence of the flammable liquids, *i.e.*, the rubbing alcohol and lighter fluid, that Defendant purchased at Walmart shortly before the fire.

Lt. Hoffman, Capt. Stephens, and Mr. Gartner noted the presence of indicators or "red flags" in their examination of the fire at 75 Hilton Ave.—including an open front door (ECF No.

10

(4:14CR0110)

43 at PageID #: 446), a pile of clothes next to the stove substantial enough that it was thought to

conceal a body (ECF No. 43 at PageID #: 453), extensive clutter in the kitchen (ECF No. 43 at

PageID #: 424), and charcoal next to the stove (ECF No. 44 at PageID #: 577).  Neither the

Youngstown Fire Department nor Mr. Gartner found any containers of rubbing alcohol or lighter

fluid (items Defendant purchased at Walmart (ECF No. 45 at PageID #: 680-84 and 726-29)).

ECF No. 43 at PageID #: 448-49; ECF No. 44 at PageID #: 601-602.  Mr. Gartner testified that

such distillates would burn off or vaporize.  ECF No. 44 at PageID #: 601.  He also stated that

towels placed on the stove (as admitted by Defendant) would have disintegrated in the fire.  ECF

No. 44 at PageID #: 603.  Moreover, Mr. Gartner testified to the impact of a hole opened in the

ceiling above the stove, as described by Defendant in recorded statements—it would facilitate the

spread of the fire up into the second floor, as the site photos showed.  ECF No. 44 at PageID #:

602.  He also said the extensive damage to the ceiling obliterated any alterations made to the

ceiling.  ECF No. 44 at PageID #: 602-603.  Finally, Mr. Gartner pointed out the grease line in

one of the pans on the stove, which reflected several inches of cooking oil, and corroborated

Defendant's statement that the coconspirators used the cooking oil to launch the fire.  ECF No.

44 at PageID #: 593.

### 3. The Evidence Supports the Verdicts and Discourages a New Trial

There is no question, viewing the evidence in the light most favorable to the Government,

that there was more than sufficient evidence from which a reasonable mind might fairly conclude

(4:14CR0110)

guilt beyond a reasonable doubt on all three counts.  The evidence was sufficient to (1) establish

that the fire at 75 Hilton Ave. was arson and (2) tie Defendant to the charged offenses.

### B.  Admission of the **Rule 404(b)** Evidence

Defendant next argues that the Court erred in allowing the Government to introduce

evidence of a prior act by another that did not involve her, but rather her coconspirator in the case

at bar.  She argues the evidence related to insurance claims made after a fire in 2004 at 420 E.

Dewey Ave. falls within the scope of 404(b) evidence that should be deemed inadmissible.

Fed. R. Evid. 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not

admissible to prove a person's character in order to show that on a particular occasion the person

acted in accordance with the character."  However, evidence of other acts "may be admissible for

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident."  Rule 404(b)(2).

As stated above, the Court must make three findings before admitting evidence under

Rule 404(b).  *Clay*, 667 F.3d at 693.  First, it must find that the prior bad act occurred.  The

government must provide sufficient evidence of the prior bad act so that "the jury can reasonably

conclude that the act occurred."  *Huddleston v. United States*, 485 U.S. 681, 689 (1988).

Defendant admits in her Motion for New Trial that there was a sufficient factual predicate for the

admission of 404(b) evidence.  *See* ECF No. 49 at PageID #: 771 ("The Government indeed

proved that LaTonya Clark assisted the E. Dewey policy holder (her mother in law) in obtaining

a policy limits recovery. . . .").

12

(4:14CR0110)

Second, the Court must determine that the evidence is probative of one of the permissible Rule 404(b) purposes.  A proper purpose is any that is "probative of a material issue other than character." *Huddleston*, 485 U.S. at 686.  Defendant takes issue with the Court's finding that evidence of Latonya Clark's involvement in the 420 E. Dewey Ave. claims process was offered for proper non-propensity purposes related to a material fact at trial.  ECF No. 49 at PageID #: 771.  At trial, the Government argued that similarities between the circumstances surrounding the 420 E. Dewey Ave. fire and the charged conduct—including Latonya Clark's key role in the insurance claims process—called into question the plausibility of Defendant's claim that the 75 Hilton Ave. fire was accidental.  Defendant put evidence related to intent, plan, and lack of accident at issue by raising such a defense in the case at bar.  *See United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008) ("[F]or other acts evidence to be admissible for the purpose of showing absence of mistake or accident, the defendant must assert a defense based on some type of mistake or accident.").  In addition, Rule 404(b) may be applied to anyone's prior acts, not just the defendant's.  *See United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004) ("By its plain terms, Rule 404(b) mandates that '[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a *person* in order to show action in conformity therewith,' instead of restricting itself to evidence proving 'the character of the accused.'") (alteration and emphasis in original).

Third, the Court must determine that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant.  Fed. R. Evid. 403;

(4:14CR0110)

*Bell*, 516 F.3d at 440.  The record established confirms that the relevance of the 420 E. Dewey Ave. fire substantially outweighed any potential unfair prejudice.

There was no error in the admission of the Rule 404(b) evidence, much less error that would merit upending the jury's verdict.  As the evidence at trial showed, the commonalities between the two fires cast considerable doubt on the plausibility of two such fires occurring coincidentally or accidentally, even if the 420 E. Dewey Ave. fire had not necessarily been a crime.[2]  The evidence is admissible because it is highly probative of intent, plan or absence of accident.  The evidence of the fire in 2004 at 420 E. Dewey Ave. and accompanying insurance claims is similar in many respects to that alleged in the Indictment (ECF No. 11).  Both fires were set in the early morning hours.  Both were the result of a frying pan or pots having been left unattended on a kitchen stove top burner, while a family member experienced at least an alleged sudden medical emergency, ensuring that all of the occupants of the house would escape the fire safely.  Both fires involved insurance claims on State Farm insurance policies, for which Defendant's coconspirator, Latonya Clark was the primary contact during the claims process, despite the fact that neither of the policies nor the properties covered were in her name.  Finally, in both cases, the payout was substantially greater than the fair market value or the purchase price

---

[2]  Despite Defendant's argument to the contrary (ECF No. 49 at PageID #: 775), there is no requirement that a prior act offered under Rule 404(b) be criminal in nature. *United States v. Scott*, 677 F.3d 72, 78 (2d Cir. 2012) ("Each of our sister Circuits to consider the issue has concluded that Rule 404(b) extends to non-criminal acts or wrongs, and we now join them.") (citing, *inter alia*, *United States v. Cooper*, 577 F.2d 1079, 1087-88 (6th Cir. 1978)).

(4:14CR0110)

of the property. *See United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013) ("'[W]here prior acts of apparent coincidence are similar, the repeated reoccurrence of such an act takes on increasing relevance to support the proposition that there is an absence of accident.'") (quoting *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 614-15 (4th Cir. 1998)) (alteration in original); *United States v. DeCicco*, 370 F.3d 206, 212 (1st Cir. 2004) (abuse of discretion to refuse to admit evidence of common scheme or plan where "[t]he degree of resemblance of the crimes also favors inclusion of the evidence. Both the 1992 fire and the final fire [in 1995] were set in the same manner . . . are the same type of crime, and . . . [involved] the same property.") *United States v. Logan*, Nos. 97-5912, 97-5914, 1999 WL 551353, at *17 (6th Cir. July 19, 1999) (affirming admission of 404(b) evidence, highlighting similarities in prior fires as indicative of "common plan of committing arson to fraudulently obtain insurance proceeds to renovate his hotels and bring them into compliance with franchise agreements").

### IV. Conclusion

For the reasons explained above, the Court denies, in their entirety, Defendant's Motion for a Judgment of Acquittal (ECF No. 46) and Motion for New Trial (ECF No. 49).

IT IS SO ORDERED.

  November 24, 2014               */s/ Benita Y. Pearson*
Date                             Benita Y. Pearson
                                 United States District Judge

15